[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were fully heard over two days of trial. The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
CUSTODY AND VISITATION
An agreement between the parties dated January 23, 2002 and entitled Dissolution Custody and Visitation Agreement, was reviewed by the court, found to be in the best interest of the minor child, and is incorporated herein by reference.
CHILD SUPPORT
The Husband shall pay to the Wife child support in the amount of $119.00 per week as per the Child Support Guidelines pursuant to an immediate wage withholding order.
LIFE INSURANCE
The Husband shall transfer to the Wife his ownership interest in the Metropolitan Life Insurance Company policy insuring his life in the amount of $250,000.00 including the current cash surrender value of $16,165.31. The Wife shall name the minor child, or a trust for her benefit as approved by the Husband in writing, sole beneficiary of the policy. She shall be solely responsible for the payment of the premiums and shall, upon reasonable request, furnish to the Husband satisfactory evidence that said policy is being properly maintained. The Wife's obligation hereunder shall terminate upon the minor child attaining her majority. Any cash surrender value available under the policy, at the time the minor child attains her majority, shall be paid to the Husband. Unless otherwise agreed in writing, or ordered by the court, the Wife shall not be permitted to use the current or future cash surrender value for any purpose, and she shall promptly deliver said balance to the Husband at the appropriate time.
MEDICAL INSURANCE
The Husband shall provide medical insurance, as available to him through his place of employment, for the benefit of the minor child. If medical insurance is not available to him, the parties shall equally share the cost of medical insurance for the minor child for Blue Cross, Blue Shield, Major Medical or their substantial equivalent. In addition, all un-reimbursed medical and dental expenses incurred by the child, to be construed liberally, shall be shared equally by the parties.
ALIMONY
No alimony is awarded to either party.
REAL ESTATE
CT Page 1098
The Husband shall transfer to the Wife his interest in the marital residence known as 23 Holbrook Road, Seymour subject to the outstanding mortgage, taxes, and other liabilities which she shall assume and hold the Husband harmless from any and all claims regarding same.
The Wife shall transfer to the Husband her interest in the property known as 23-F Holbrook Road, Seymour subject to the outstanding mortgage, taxes, and other liabilities which he shall assume and hold the Wife harmless from any and all claims regarding same.
PERSONAL PROPERTY
Each party shall be entitled to retain the furniture, furnishings, and other household items in their current possession without claim from the other.
The Wife shall retain title to the 1999 Subaru subject to the outstanding loan and any other liabilities concerning same for which she shall save the Husband harmless.
The Husband shall retain title to the 2001 Chevrolet subject to the outstanding loan any other liabilities concerning same for which he shall save the Wife harmless.
The family pet, Sir Isaac Newton, shall belong to the minor child and the miscellaneous guns shall belong to the Husband.
RJ FOUNDATIONS LLC
The Husband shall transfer to the Wife any and all interest he has in the business known as RJ Foundations LLC subject to all liabilities concerning same for which she shall save the Husband harmless. As an equitable division of this asset, the Wife shall pay to the Husband the sum of $22,000.00 as follows: $8,000.00 one year from date, $7000.00 two years from date, and $7,000.00 three years from date.
RETIREMENT ASSETS
Each party shall retain their own Individual Retirement Accounts and other deferred assets.
LIABILITIES
Each party shall be solely responsible for the liabilities shown on their respective financial affidavits. CT Page 1099
COUNSEL FEES
Each party shall be solely responsible for their own counsel fees.
TAXES
By April 15 of each year, until there is no longer any obligation for child support, the parties shall exchange their complete IRS returns in order to determine that the child support payment is appropriate under the circumstances then existing.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
CUTSUMPAS, J.